IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal Case GJH-18-0437 |
| TOYA JONES | : | |

...oooOooo...

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through Robert K. Hur, United States Attorney for the District of Maryland, Brandon J. Robers, Special Assistant United States Attorney, and Hollis Raphael Weisman, Assistant United States Attorney, submits the following Memorandum in Aid of Sentencing. The government asks this Honorable Court to impose a sentence that includes a term of four months of imprisonment followed by one year of supervised release.

**I.    Background**

    **a.  Jones' Conviction**

Jones' conviction stems from her theft of $8,398 in cash, checks, and money orders from her employer, the United States Postal Service ("USPS"). In the early morning hours of November 1, 2017, Jones opened a safe inside the Fort Washington Post Office and removed a bag containing the cash, checks, and money orders. She cut a hole in the bag, stole its contents, and left the Post Office. Her actions were captured on video. On August 22, 2018, Jones was charged in a single count indictment with a felony theft of government property in violation of 18 U.S.C. § 641. On December 16, 2019, Jones plead guilty to the lesser included misdemeanor violation of 18 U.S.C. § 641.

b.  **Advisory Sentencing Guidelines**

The parties and U.S. Probation agree that the total offense level is 6. Plea Agreement at 4; Presentence Investigation Report ("PSR") ¶ 24. The PSR also determined the Jones has a criminal history score of 0, making her criminal history category I. PSR ¶ 27. Jones' advisory guidelines range is 0-6 months of imprisonment, one year of supervised release, 1-5 years of probation, restitution of $8,398, and a fine of $1,000 to $9,500. PSR at 12-13.

II.   **Recommended Sentence and Sentencing Factors**

The government submits that a sentence of four months of imprisonment, followed by one year of supervised release, would be sufficient but not greater than necessary to achieve the purposes of sentencing established in 18 USC § 3553(a).

There is no question that a brazen theft of cash from a safe is a serious offense. Jones's offense was all the more serious because it was committed by abusing the position of trust given to her by the public. In fact, the seriousness of her offense comes as much from her violation of that trust as from the amount of money that she stole. That the guidelines base offense level is just 6 is simply the fortunate (for Jones) result of the fact that the safe contained only $8,398 on the morning of the theft. Jones' culpability derives from her conduct – stealing all of the money in the safe – rather than the specific amount that happened to be in the safe that morning. A term of imprisonment is needed in this case in order to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. 3553(a)(2)(A).

Ms. Jones' crime also creates a need for a sentence that provides general "deterrence to criminal conduct." 18 U.S.C. 3553(a)(2)(B). The USPS provides a service critical to the functioning of our nation. In order to meet its obligation to the public, the USPS must place trust in, and be able to rely upon, a team of public service professionals. If not coupled with a term of

imprisonment, the simple payment of restitution would be akin to allowing Jones an interest free loan of $8,398 from the federal government. This would hardly create a disincentive to future crimes of this type. Should violations of the kind committed by Jones pass without significant punishment, the deterrence provided by the criminal laws would be eroded and the functioning of the USPS could be impaired. The court should make clear through its sentencing decision in this case that this type of conduct will not be tolerated.

While 18 U.S.C. 3553(a)(2) lists two additional factors to be considered when imposing a sentence, protection of the public and providing the defendant with services, those factors are not as relevant to Ms. Jones as the factors discussed above. The "court need not accord equal weight to each of the § 3553(a) factors, and it is 'quite reasonable for the sentencing court to have attached great weight to a single factor.'" *United States v. Gaskill*, 318 F. App'x 251, 257 (4th Cir. 2009) (per curiam) (quoting *United States v. Pauley*, 511 F.3d 468, 476 (4th Cir.2007)).

For the reasons set forth above, and to be explained further at the sentencing hearing on March 10, 2020, the government requests that the Court sentence Jones to a term of four months imprisonment followed by one year of supervised release.

    Respectfully submitted,

    Robert K. Hur
    United States Attorney for the
    District of Maryland

    /s/_____
    Brandon J. Robers
    Special Assistant United States Attorney
    United States Courthouse
    6500 Cherrywood Lane, Room 400
    Greenbelt, Maryland 20770
    301-344-4032, FAX 301-344-0213
    Brandon.robers2@usdoj.gov

    Hollis Raphael Weisman

Assistant United States Attorney
Bar No. 11465
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland  20770
301-344-4029, FAX 301-344-0213
hollis.weisman@usdoj.gov